Clerk of the Superior Court
\*\*\* Electronically Filed \*\*\*
C. Cuellar, Deputy
2/21/2022 9:59:26 AM
Filing ID 13961423

1  J. Tyrrell Taber (005204)
   **BURG SIMPSON**
2  **ELDREDGE HERSH & JARDINE, PC**
   2390 East Camelback Road, Suite 403
3  Phoenix, Arizona 85016
   Telephone: (602) 777-7000
4  Fax: (602) 777-7008
   TTABER@BURGSIMPSON.COM
5  AZCOURT@BURGSIMPSON.COM

6  *Attorneys for Plaintiff*

7  IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

8  IN AND FOR THE COUNTY OF MARICOPA

9  CATHY KNAPP, an individual,

10                                              Case No. CV2022-002155
           Plaintiff,
11                                              **COMPLAINT**
   vs.
12                                              Non-Motor Vehicle Tort
                                                Premises Liability
13
   1850 CENTRAL AZ, LLC, a limited liability
14 corporation; CBRE, INC., a corporation; DL   Tier 3
   Properties, LLC, a limited liability corporation; OTIS
15 ELEVATOR COMPANY, a foreign corporation;    Jury Trial Demanded
   JOHN and JANE DOES I—X; ABC
16 CORPORATIONS I—X; and XYZ
   PARTNERSHIPS I—X,
17

18         Defendants.

19

20         Plaintiff Cathy Knapp ("Plaintiff"), through undersigned counsel, and for her

21  Complaint against Defendants, alleges as follows:

22                      **PARTIES, JURISDICTION, AND VENUE**

23         1.      At all times relevant, Plaintiff was a resident of Maricopa County, Arizona.

24  Plaintiff's injuries and losses that underlie this cause of action were sustained in Maricopa

25  County, Arizona.

26         2.      At all times relevant, Defendant 1850 Central AZ, LLC is a limited liability

27  corporation in good standing and licensed to do business in Maricopa County, Arizona.

28

Page 1 of 10

3. Upon information and belief, Defendant 1850 Central AZ, LLC owned, possessed, controlled, leased, supervised, maintained, and/or operated Central Arts Plaza located at 1850 North Central Avenue, Phoenix, Arizona 85004 and caused events to occur in Maricopa County, Arizona, out of which the following cause of action arises.

4. At all times relevant, Defendant CBRE, Inc. is a corporation in good standing and licensed to do business in Maricopa County, Arizona.

5. Upon information and belief, Defendant CBRE, Inc. owned, possessed, controlled, leased, supervised, maintained, and/or operated Central Arts Plaza located at 1850 North Central Avenue, Phoenix, Arizona 85004 and caused events to occur in Maricopa County, Arizona, out of which the following cause of action arises.

6. At all times relevant, Defendant DL Properties, LLC is a limited liability corporation in good standing and licensed to do business in Maricopa County, Arizona.

7. Upon information and belief, Defendant DL Properties, LLC owned, possessed, controlled, leased, supervised, maintained, and/or operated Central Arts Plaza located at 1850 North Central Avenue, Phoenix, Arizona 85004 and caused events to occur in Maricopa County, Arizona, out of which the following cause of action arises.

8. At all times relevant, Defendant Otis Elevator Company is a foreign corporation in good standing and licensed to do business in Maricopa County, Arizona.

9. Upon information and belief, Defendant Otis Elevator Company maintained, operated, controlled, and/or repaired the elevators on the premises of Central Arts Plaza located at 1850 North Central Avenue, Phoenix, Arizona and caused events to occur in Maricopa County, Arizona, out of which the following cause of action arises.

10. Upon information and belief, at all times relevant, Defendant Otis Elevator Company entered into a contractual and/or other agreement with Defendants B1850 Central AZ, LLC, CBRE, INC., and/or DL Properties, LLC, as a vendor, contractor, builder, and/or designer to perform work on the elevators on the premises of Central Arts Plaza during the time of Plaintiff's loss.

11. Defendant Otis Elevator Company contracted, planned, assembled, built,

refurbished, repaired, constructed, designed, controlled, operated, and/or maintained the elevators on the Central Arts Plaza premises that caused events to occur in Maricopa County, Arizona, out of which the following cause of action arises.

12. At all times relevant, Defendants 1850 Central AZ, LLC.; CBRE, INC.; DL Properties, LLC, and Otis Elevator Company includes and included any and all parents, subsidiaries, affiliates, divisions, partners, joint ventures, and organization units of any kind, predecessors, successors, and assignors as well as their officers, directors, employees, agents, representatives, and any and all other persons acting on their behalf.

13. Upon information and belief, at all times relevant, each of Defendants 1850 Central AZ, LLC, a limited liability corporation; CBRE, INC., a corporation; DL Properties, LLC, a limited liability corporation; Otis Elevator Company were the principal(s), master(s), employer(s), partner(s), and/or joint venturer(s) of every other Defendant in doing the events described below and each of them were acting within the course, scope, and authority of said agency, employment, and/or venture.

14. Each Defendant owed a non-delegable duty, and therefore, are jointly and severally liable for the damages suffered by Plaintiff.

15. Defendants also, as principals, masters, employees, agents, servants, employees, partners, and/or join venturers, had an agreement, common purpose, and/or community interest, and therefore, are jointly and severally liable for the damages suffered by Plaintiff.

16. Defendants John and Jane Does I – X, ABC Corporations I – X, and XYX Partnerships I – X are persons or entities who are legally responsible for the damages alleged in this Complaint. Their legal responsibility arises from their being the agents, employers, and/or principals of Defendant, and their acts or omissions give rise to liability as set forth herein. Their true identities are at present unknown to Plaintiff. These persons and entities are hereby notified of Plaintiff's intention to join them as Defendants if and when additional investigation or discovery reveals the appropriateness of joinder along with the appropriate charging allegations.

Page 3 of 10

17. Jurisdiction and venue are proper in this Court as the events giving rise to Plaintiff's Complaint occurred in Maricopa County, Arizona.

18. The amount in controversy is within the jurisdictional requirements of this Court.

19. Pursuant to Ariz. R. Civ. P. 8 and 26.2, Plaintiff certifies this action under Tier 3 discovery.

### GENERAL ALLEGATIONS

20. Plaintiff repeats and incorporates by reference all prior allegations contained in this Complaint.

21. On the afternoon of February 22, 2021, Cathy Knapp left work to meet a plumber at her home.

22. At all times relevant, she was walking on the common areas (the parking garage lobby) of the premises owned, operated, and/or managed by Defendants.

23. Cathy Knapp entered the elevator on the 18th floor and rode it down to the lobby.

24. Cathy Knapp exited the elevator and walked through a walkway to the second elevator and rode down to the 3rd level parking garage.

25. The elevator stopped at the 3rd level parking garage. The elevator doors opened. As Cathy Knapp stepped out of the elevator, she tripped and fell, causing severe and permanent injuries.

26. Unbeknownst to Cathy Knapp, the elevator malfunctioned and failed to properly align with the floor, causing a defective, unsafe, and/or unreasonably dangerous condition.

27. As a result of the elevator's malfunction, defects, deficiencies, and unreasonably dangerous condition, Ms. Knapp tripped and fell, landing face first on the concrete floor.

28. As a result, Ms. Knapp suffered serious injuries that required hospitalization and immediate medical attention, including but not limited to, bilateral distal radius

BURG SIMPSON ELDREDGE HERSH & JARDINE, P.C.
2390 East Camelback Road, Suite 403
Phoenix, Arizona 85016
Telephone: (602) 777-7000 • Fax: (602) 777-7008

1  fractures.

2  29. At the time of Ms. Knapp's fall, there were no warning signs, construction
3  barriers, cones, written warnings, verbal warnings, or the like alerting her that there was a
4  hazard as she exited the subject elevator.

5  30. The defective and dangerous conditions of the subject elevator were
6  unknown to Ms. Knapp at the time of her fall, were not open and obvious, and Defendants
7  gave no warning of the danger.

## COUNT ONE
### Negligence—Premises Liability
### Against Defendants 1850 Central AZ, LLC.; CBRE, INC.; and DL Properties, LLC

31. Plaintiff repeats and incorporates by reference all prior allegations and paragraphs set forth above in this Complaint.

32. At all times relevant, Defendants 1850 Central AZ, LLC.; CBRE, INC.; DL Properties, LLC, on its own and/or through its agents or employees, is and was the possessor and/or controller of the Central Arts Plaza premises.

33. At all times relevant, Defendants 1850 Central AZ, LLC.; CBRE, INC.; DL Properties, LLC, on its own and/or through its agents or employees, maintains and maintained control over the common areas of the complex.

34. Restatement (Second) of Torts § 360 (1965) provides that "[a] possessor of land who leases a part thereof and retains in his own control any other part which the lessee is entitled to use as appurtenant to the part leased to him, is subject to liability to his lessee and others lawfully upon the land with the consent of the lessee or a sublessee for physical harm caused by a dangerous condition upon that part of the land retained in the lessor's control, if the lessor by the exercise of reasonable care could have discovered the condition and the unreasonable risk involved therein and could have made the condition safe."

35. Section 360 has been followed in Arizona. *See Forbes v. Romo*, 123 Ariz.

Page 5 of 10

548, 550, 601 P.2d 311, 313 (App.1979).

36. Thus, Defendants had a duty to exercise reasonable care to discover conditions that posed an unreasonable risk of harm to Ms. Knapp and to make such conditions safe.

37. Defendants also had a duty of reasonable care to maintain its property in a reasonably safe condition, including the common areas, because it had control over the land.

38. The unreasonably dangerous conditions underlying this cause of action are and were the defects and deficiencies of the subject elevator and its malfunction.

39. These unreasonably dangerous conditions, created by Defendants, posed an unreasonable risk of harm to Ms. Knapp as well as others.

40. As such, Defendants are liable for the harm caused to Ms. Knapp because:
   a. Defendants knew or with exercise of reasonable care should have known and discovered the unreasonably dangerous condition of the subject elevator on its premises;
   b. the condition of the subject elevator posed an unreasonable risk of harm; and
   c. Defendants should have expected that Ms. Knapp would not discover or realize the danger of the subject elevator and/or would fail to protect herself against those dangers.

41. Defendants also owed Ms. Knapp a duty to provide a safe means of exiting the premises.

42. Additionally, Defendants owed Ms. Knapp a duty to take all precautions to avoid placing her and others at an unreasonable risk of injury. This includes using reasonable care to warn, safeguard, and/or remedy an unreasonably dangerous condition.

43. Lastly, Defendants owed a duty to inspect its premises routinely to avoid unreasonably dangerous conditions.

44. Defendants breached the duties they owed to Ms. Knapp by, without limitation:

a. Negligently, carelessly, and/or recklessly failing to maintain its premises in a safe and secure manner for its residents and guests; specifically, by allowing unreasonably dangerous conditions to exist in the common areas of its premises;

b. Failing to properly inspect its premises elevators and exercise due diligence to discover the unreasonably dangerous conditions on its premises;

c. Failing to maintain its premises elevators in good and safe condition for Ms. Knapp and others;

d. Failing to provide a safe and secure means of exiting the premises;

e. Failing to properly supervise the subject elevator in question so as to provide Ms. Knapp a safe means to exit the premises, free from hazards which were recognized or should have been recognized by Defendants as causing or likely to cause serious physical harm to its residents;

f. Failing to comply with applicable laws, regulations, and/or building codes of the State of Arizona as well as the City of Phoenix; and/or

g. Failing to warn, safeguard, and/or remedy unreasonably dangerous conditions on its premises.

45. As a direct and proximate result of the negligence of Defendants as set forth above, Ms. Knapp tripped and fell while exiting a unreasonably dangerous elevator within the Central Arts Plaza.

46. As a further direct and proximate result of the negligence of the Defendants, Ms. Knapp sustained substantial injuries for which she has suffered and continues to suffer from.

47. These injuries include, but are not limited to, serious bodily injuries, pain and suffering, mental and emotional distress, and hedonic damages.

48. Plaintiff has also incurred, and is reasonably expected to incur in the future, expenses for medical treatment and related care as well as other damages.

49. As a result, Defendants, and each of them, for Ms. Knapp's damages in an amount to be proven at trial.

## COUNT TWO
### Negligence—Construction, Design, and/or Maintenance
### Against Defendants Otis Elevator Company

50. Plaintiff repeats and incorporates by reference all prior allegations and paragraphs set forth above in this Complaint.

51. Defendants also owed Ms. Knapp a duty to construct, design, and/or maintain the subject elevator in a safe and reasonable manner.

52. Upon information and belief, in agreement with Defendants 1850 Central AZ, LLC.; CBRE, INC.; DL Properties, LLC, Defendant Otis Elevator Company built, drafted, engineered, designed, inspected, regulated, modified, directed, supervised, planned, contracted, maintained, and controlled the subject elevator where the trip-and-fall occurred and were the principal(s), master(s), employer(s), partner(s) and joint venturer(s) for same.

53. Upon information and belief, Defendants 1850 Central AZ, LLC.; CBRE, INC.; DL Properties, LLC, including its employees or agents, accepted the work of Defendant Otis Elevator Company.

54. Upon information and belief, Defendants 1850 Central AZ, LLC.; CBRE, INC.; DL Properties, LLC, on its own and/or through its agents or employees, is and was the possessor and/or controller of the Central Arts Plaza premises and kept possession or control of said premises at all times relevant.

55. As such, Defendants breached the duties it owed to Ms. Knapp when it failed to construct, design, and/or maintain the subject elevator in a safe and reasonable manner.

56. Defendants also failed to warn Ms. Knapp of these unreasonably dangerous conditions.

57. In sum, Defendants negligently, carelessly, and/or recklessly designed, constructed, created, maintained, controlled, signed-off on, and/or possessed the subject

Page 8 of 10

elevator, and thereby, created or allowed unreasonably dangerous conditions to exist on its premises.

58. As a direct and proximate result of the negligence of Defendants as set forth above, Ms. Knapp tripped and fell while exiting an unreasonably dangerous elevator within the Central Arts Plaza.

59. As a further direct and proximate result of the negligence of the Defendants, she sustained substantial injuries for which she has suffered and continues to suffer from.

60. These injuries include, but are not limited to, serious bodily injuries, pain and suffering, mental and emotional distress, and hedonic damages.

61. She has also incurred, and is reasonably expected to incur in the future, expenses for medical treatment and related care as well as other damages.

62. As a result, Defendants are liable for Ms. Knapp's damages in an amount to be proven at trial.

## DEMAND FOR JURY TRIAL

63. Plaintiff, by and through undersigned counsel, hereby demands trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. For general damages, in an amount to be proven at trial;

B. For special damages, in an amount to be proven at trial;

C. For past, present, and future medical expenses;

D. For Plaintiff's costs incurred herein;

E. For pre- and post-judgment interest calculated at a reasonable and just rate under Arizona law; and,

F. For all such other and further relief in law and equity as the Court may deem just and proper.

DATED this 21st day of February, 2022.

                          BURG SIMPSON
                          ELDREDGE HERSH & JARDINE, PC

                          By: */s/ J. Tyrrell Taber*
                              J. Tyrrell Taber
                              2390 East Camelback Road, Suite 403
                              Phoenix, Arizona 85016
                              *Attorney for Plaintiff*